KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority that summary judgment is inappropriate with re *294 spect to Daniels’s retaliation claim. However, I respectfully dissent from the majority’s conclusion that summary judgment is appropriate with respect to Daniels’s claims of a hostile work environment, termination on the basis of gender, and intentional infliction of emotional distress.
With respect to Daniels’s hostile-work-environment claim, I believe that Daniels has pointed to sufficiently severe and pervasive examples of sexual harassment “to alter the conditions of [Daniels’s] employment and create an abusive working environment.” Phillips v. UAW Int’l, 854 F.3d 323, 327 (6th Cir. 2017) (quoting Williams v. CSX Transp. Co., 643 F.3d 502, 512 (6th Cir. 2011)). “In determining whether an actionable hostile work environment claim exists, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance.” Id. (quoting Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). Frequent examples of Pike County Prosecutor Robert Junk treating women differently than men, often in humiliating fashion, R. 36 (Op. & Order at 23-24) (Page ID #545-46) (listing twelve instances of harassing or discriminatory conduct toward women in the office), alongside Junk’s discriminatory statements about women in the workplace, R. 31-3 (Gullett Aff. ¶ 20) (Page ID #407), would permit a reasonable juror to conclude that there was a hostile work environment. In one particularly egregious example, reasonable jurors could even find that Junk’s conduct was “physically threatening.” Phillips, 854 F.3d at 327, At a point when Junk and Daniels “were not on good terms,” Junk— while holding an AR-15—told Daniels, “Don’t worry, I’m not that mad, ha, ha, ha, ha.” R. 26-2 (Daniels Dep. at 30-31) (Page ID #235-36). Other courts have held similar behavior to constitute a hostile work environment, and I would do the same here. See Cordero-Suárez v. Rodríguez, 689 F.3d 77, 79, 82-83 (1st Cir. 2012) (holding that a supervisor who approached an employee’s desk with a work-issued gun and said “I’m going to screw you up” contributed to a hostile work environment).
I would also reverse the district court’s judgment with respect to Daniels’s termination claim, particularly because of the genuine issues surrounding pretext. The strongest evidence of discriminatory pretext are Junk’s “disparaging comments toward females, including, ‘That’s why I don’t like to hire women,’ ‘That’s why it is a pain to hire women,’ and ‘Working with men is so much easier than working with women.’ ” R. 31-3 (Gullett Aff. ¶ 20) (Page ID #407). These statements are almost direct evidence that Junk made employment decisions on the basis of gender. At the very least, I believe that they create a genuine issue of material fact on whether Daniels was actually terminated because of her sex.
Finally, I believe that summary judgment is inappropriate on Daniels’s claim of intentional infliction of emotional distress (“IIED”). An IIED claim has four elements under Ohio law: “1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor’s conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; 3) that the actor’s actions were the proximate cause of plaintiffs psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that *295 no reasonable man could be expected to endure it,” Hayward v. Cleveland Clinic Found., 759 F.3d 601, 619 (6th Cir. 2014) (quoting Pyle v. Pyle, 11 Ohio App.3d 31, 463 N.E.2d 98, 103 (1983)). There is sufficient evidence of Junk’s intent to cause emotional distress to permit a reasonable juror to find in Daniels’s favor on the first element: Junk stated that he did not like working with women. R. 31-3 (Gullett Aff. ¶ 20) (Page ID #407), And Junk appeared to know what he was doing when he harassed Daniels. R. 26-2 (Daniels Dep. at 60-62) (Page ID #266-67). A reasonable juror could also find in Daniels’s favor on the second, third, and fourth elements: Junk repeatedly demeaned Daniels, threatened her with a gun, discriminated against her, and pranked her. Daniels visited a doctor because of “the whole stress of this whole thing” and was prescribed a drug that treats anxiety. Id. at 57-58 (Page ID #262-63).
In sum, I believe that genuine issues of material fact are present in all of Daniels’s claims. Therefore I would reverse the judgment of the district court in its entirety.